UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 27 2000   AM

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONALD C. JACKSON, §
　　　　　　　　　　　　§
　　　Plaintiff, §
　　　　　　　　　　　　§
v. § CIVIL ACTION H-99-558
　　　　　　　　　　　　§
JOHNNY KLEVENHAGEN, et al., §
　　　　　　　　　　　　§
　　　Defendants. §

## SUPPLEMENTAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Donald C. Jackson, Plaintiff, a prisoner proceeding pro se, and file his Supplemental Complaint in the above cause of action. Plaintiff would respectfully show the Court the following:

I.

Fed.R.Civ.P. 15(d) allows a party with leave of court to file a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the amended complaint," the pleadings sought to be supplemented.

## STATEMENT OF CLAIM

II.

14. On October 24, 1996, plaintiff sued the Texas Work Force Commission and John Bludworth Marine, Inc., in the 129th District Court of Texas, Harris County, pursuant to Chapter 212 of the Texas Labor Dode, seeking judicial

review of the Commission's decision denying him unemployment benefits.

The trial court signed an order dismissing plaintiff's case for want of prosecution [failure to properly serve the defendants] on July 9, 1998. On September 17, 1998, plaintiff filed a notice of appeal with the court of appeals. The Fourteenth Court of Appeals affirmed the trial court's order of dismissal on November 4, 1999. The Texas Supreme Court denied a petition for review, and on June 1, 2000, denied plaintiff's motion for rehearing.

On August 15, 2000, defendant Gail Johnson received/returned plaintiff's timely petition for writ of certiorari because it did not contain the April 13, 2000 opinion of the Texas Supreme Court. Defendant Johnson cautioned plaintiff that unless his petition was received by her office in corrected form within 60 days of the date of her letter, the petition would not be filed. (See Exhibit 15).

Plaintiff's corrected petition for a writ of certiorari was placed in the institutional mail on September 8, 2000, and received by defendant Johnson on September 18, 2000. Although plaintiff's corrected petition was received by defendant Johnson well within the 60 days allowed by Supreme Court Rules for correcting deficient petitions, defendant Johnson rejected/returned the petition as being out-of-time. (See Exhibit 16).

Defendant Gail Johnson deliberately and with malice delayed or blocked altogether the filing of plaintiff's petition for writ of certiorari, and the delay or block has interfered with his right of access to the courts.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Supplemental Complaint be added and/or incorporated to his amended complaint submitted on November 10, 1999.

Executed on this 20th day of November, 2000.

Respectfully submitted,

*Donald C. Jackson*
DONALD C. JACKSON #220004
Plaintiff Pro Se
Ramsey II Unit
1200 FM 655
Rosharon, Texas 77583

## DECLARATION

I, Donald C. Jackson, declare under penalty of perjury that all facts presented in this complaint and attachments thereto are true and correct.

*Donald C. Jackson*
DONALD C. JACKSON #220004
Plaintiff Pro Se

EXHIBIT 15

ClibPDF - www.fastio.com

# SUPREME COURT OF THE UNITED STATES
# OFFICE OF THE CLERK
# WASHINGTON, DC 20543-0001

August 15, 2000

**WILLIAM K. SUTER**
**CLERK OF THE COURT**

AREA CODE 202
479-3011

Ronald C. Jackson
#TDCJ #220004
Ramsey II Unit
1200 FM 655
Rosharon, TX 77583

RE: Donald C. Jackson v. Texas Employment Commission

Dear Mr. Jackson:

The above-entitled petition for writ of certiorari was postmarked August 10, 2000 and received August 14, 2000. The papers are returned for the following reason(s):

The appendix to the petition does not contain the following documents required by Rule 14.1(i):

    The lower court opinion(s) must be appended for the Supreme Court of Texas dated April 13, 2000.

A copy of the corrected petition must be served on opposing counsel.

Please correct and resubmit as soon as possible. Unless the petition is received by this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

Enclosures

EXHIBIT 16

ClibPDF - www.fastio.com

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

September 19, 2000

**WILLIAM K. SUTER**
**CLERK OF THE COURT**

AREA CODE 202
479-3011

Donald C. Jackson
TDCJ No. 220004
Ramsey II Unit
1200 FM 65
Rosharon, TX 77583

RE: Donald Jackson v. Texas Employment Commission

Dear Mr. Jackson:

The above-entitled petition for a writ of certiorari placed in the institutional mail on September 8, 2000, and received on September 18, 2000, is herewith returned for the following reason(s):

The petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was June 1, 2000. Therefore, the petition was due on or before August 30, 2000. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Sincerely,
William K. Suter, Clerk
By:
Gail Johnson
(202) 479-3038

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD C. JACKSON, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-99-558 |
| JOHNNY KLEVENHAGEN, et al., | § | |
| Defendants. | § | |

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
NOV 27 2000 AM
Michael N. Milby, Clerk

**MOTION REQUESTING JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Donald C. Jackson, Plaintiff, a prisoner proceeding pro se, moves this Court for a trial by jury for all the issues so triable.

Plaintiff argues that he is entitled to a jury trial as of right pursuant to Fed.R.Civ.P. 38(b). This rule embodies the right conferred by the Seventh Amendment of the United States Constitution. Fed.R.Civ.P. 38(a).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion Requesting Jury Trial be in all things GRANTED.

Executed on this 20th day of November, 2000.

Respectfully submitted,

*Donald C. Jackson*
DONALD C. JACKSON #220004
Plaintiff Pro Se
Ramsey II Unit
1200 FM 655
Rosharon, Texas 77583

Jackson v. Klevenhagen
Motion Requesting Jury Trial

page-1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONALD C. JACKSON, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION H-99-558
 §
JOHNNY KLEVENHAGEN, et al., §
 §
 Defendants. §

## MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Donald C. Jackson, Plaintiff, a prisoner proceeding pro se, moves this Court for appointment of counsel, pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff would respectfully show the Court the following:

### I.

Generally speaking, no right to counsel exists under 42 U.S.C. § 1983. Salmon v. Corpus Christi I.S.D., 911 F.2d 1165, 1166 (5th Cir. 1990). However, this Court may base a decision to appoint counsel on many factors, including:

1. the type and complexity of the case;
2. the petitioner's ability adequately to present and investigate his case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir. 1992).

Motion for Appointment of Counsel

In <u>Parker</u>, the Fifth Circuit held that if Appellant's claims survive preliminary exploration, in light of factors two and three above--namely that Appellant is a prisoner who, without counsel, would have to investigate by himself the prison's policies and employees of the very jail where he is incarcerated--we <u>direct</u>, in addition to holding some type of evidentiary hearing, the district court to appoint counsel to help the Appellant fully investigate his claims and provide representation at any evidentiary hearings. <u>Parker</u>, 978 F.2d at 193. This Court has the discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. § 1915(e)(1).

## II.

Plaintiff's complaint raises a violation of his fundamental constitutional right of access to the courts. Although this claim per se is neither novel nor complicated, it contains what is admittedly a novel legal situation. This complaint was filed against several federal and state officials. One who has deceased since the filing of this complaint, and two who are clerks of the United States Supreme Court. Thus, plaintiff is not capable of adequately presenting his claims at trial. His brief and pleadings were prepared by another offender who has since been paroled. Consequently, plaintiff does not possess the average legal intellect and the ability to comprehend the relevant issues

Jackson v. Klevenhagen  
Motion for Appointment of Counsel

page-2

necessary to prevail on this action. He further contends that this case involve some diversity jurisdiction and would require substantial factual discovery. Plaintiff is in prison and is in no position to investigate adequately the case. Also, plaintiff argues that the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion for Appointment of Counsel be in all things GRANTED.

Executed on this 20th day of November, 2000.

Respectfully submitted,

*Donald C. Jackson*
DONALD C. JACKSON #220004
Plaintiff Pro Se
Ramsey II Unit
1200 FM 655
Rosharon, Texas 77583

Jackson v. Klevenhagen                                                  page-3
Motion for Appointment of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD C. JACKSON, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-99-558 |
| JOHNNY KLEVENHAGEN, et al., | § | |
| Defendants. | § | |

**MOTION FOR ISSUANCE OF PROCESS OF SERVICE**

TO THE HONORABLE JUDGE OS SAID COURT:

COMES NOW, Donald C. Jackson, Plaintiff, a prisoner proceeding pro se, moves this Court for an Order to instruct the district clerk to issue process of service to all defendants in this case. Plaintiff would respectfully show the Court the following:

I.

This Court in its order dated August 2, 1999, instructed that service of process be withheld pending judicial screening. However, if proper service is not made within 120 days of filing the complaint, plaintiff's action is subject to sua sponte dismissal. <u>Lindsey v. U.S. R.R. Retirement Bd.</u>, 101 F.3d 444, 446 (5th Cir. 1996).

A district court is required under Fed.R.Civ.P. 4(c)(2) and 28 U.S.C. § 1915(c), in in forma pauperis cases such as this one, to appoint and direct a U.S. marshal, deputy U.S. marshal, or some other person to serve process for him once

Jackson v. Klevenhagen
Motion for Issuance of Process of Service

page-1

he requested it. <u>Lindsey</u>, 101 F.3d at 447.

## II.

Plaintiff's complaint was filed on February 17, 1999. On August 2, 1999, this Court authorized plaintiff to proceed in in forma pauperis. However, plaintiff has not been advised that service of process has been made.

Plaintiff therefore moves this Court to Order the district clerk to serve the defendants who's names and addresses are listed as follows:

1. Johnny Klevenhagen (former Sheriff, deceased)
   Harris County Sheriff's Department
   1301 Franklin Street
   Houston, Texas 77002

2. Allen Polunsky (former Chairman)
   Texas Board of Criminal Justice
   P.O. Box 13084
   Austin, Texas 78711

3. James A. Collins (former Executive Director)
   Texas Department of Criminal Justice
   P.O. Box 99
   Huntsville, Texas 77342

4. Wayne Scott (former Director)
   Texas Department of Criminal Justice
   P.O. Box 99
   Huntsville, Texas 77342

5. Sherry Brown-McDugle ( former Program Admr./Access to Court)
   Texas Department of Criminal Justice
   1107 Ave. J
   Huntsville, Texas 77342

6. Troy D. Cahill, Deputy Clerk
   United States Supreme Court
   1 First Street, N.E.
   Washington, D.C. 20543

7. Gail Johnson, Deputy Clerk
   United States Supreme Court
   1 First Street, N.E.
   Washington, D.C. 20543

8. Gary L. Johnson, Director
   Texas Department of Criminal Justice
   P.O. Box 99
   Huntsville, Texas 77342

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion for Issuance of Process of Service be in all things GRANTED.

Executed on this 20th day of November, 2000.

Respectfully submitted,

*Donald C. Jackson*
DONALD C. JACKSON #220004
Plaintiff Pro Se
Ramsey II Unit
1200 FM 655
Rosharon, Texas 77583

Jackson v. Klevenhagen                                          page-3
Motion for Issuance of Process of Service