memdismpr
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
MAR 21 2002
Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DONALD C. JACKSON, TDCJ-ID #220004, Plaintiff, v. JOHNNY KLEVENHAGEN, *et al.*, Defendants. | CIVIL ACTION NO. H-99-558 |

## MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff, a state inmate, filed a *pro se* complaint (Docket Entry #1) and a more definite statement (Docket Entry #9) alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff contends that defendants denied him access to the courts. Plaintiff, however, failed to exhaust the administrative remedies available to him before filing this law suit. Therefore, his suit is subject to dismissal under 42 U.S.C. § 1997e.

## ANALYSIS

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 531 U.S. 956 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). TDCJ-ID currently provides for a two-step grievance procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Id.*



Plaintiff indicates that he did not file a grievance report complaining of any of the alleged violations of his civil rights because he sought only monetary damages. (Docket Entry #9). In resolving a split among the circuits regarding exhaustion and monetary damages, the Supreme Court in *Booth v. Churner*, [citation omitted] "held that Congress intended a prisoner to invoke 'such administrative remedies as are available' in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court." *Wright*, 260 F.3d 357, 358 (5th Cir. 2001). The Supreme Court further held that exhaustion under the amended statute, unlike its predecessor, is mandatory. *Booth*, 532 U.S. at 739.

Because he did not file a step one grievance report, plaintiff did not, and could not file a step two grievance report, appealing an adverse ruling of a grievance investigator. In other words, plaintiff simply did not exhaust the administrative remedies available to him. For this reason, the Court will dismiss plaintiff's complaint without prejudice pursuant to 42 U.S.C. § 1997e.

## CONCLUSION

Accordingly, the Court **ORDERS** plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**, for failure of the plaintiff to exhaust all available remedies on all his claims as required by 42 U.S.C. § 1997(e).

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on _March 19_, 2002.

_Melinda Harmon_
MELINDA HARMON
UNITED STATES DISTRICT JUDGE